```
                                          FILED
                                     U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT
                                     2006 JAN 27  P 4: 12
           CENTRAL DIVISION, DISTRICT OF UTAH
                                      DISTRICT OF UTAH
```

|  |  |  |
|---|---|---|
|  |  | BY:_____<br>DEPUTY CLERK |
| DONALD L. RIVERA, et al., | : | Case No. 2:03-CV-264 DB |
| Plaintiffs, | : |  |
|  |  | ORDER AND MEMORANDUM |
| vs. | : | DECISION |
| SALT LAKE COMMUNITY COLLEGE, and COLLEGIS, INC. | : | JUDGE DEE BENSON |
|  |  | MAGISTRATE JUDGE BROOKE C. |
| Defendants. |  | WELLS |

Before the court are a series of motions.[1] After considering the arguments of the parties and for good cause shown, the court GRANTS Defendants' Motions to Compel.

At the outset the court wishes to address Bruce Oliver's Motion to Withdraw as Counsel and For a Stay of Proceedings.[2] This motion was granted by the district court on January 25, 2006. In the motion counsel sought a stay of proceedings for twenty (20) days for Plaintiffs to retain new counsel.[3] It is unclear from the motion whether this is 20 business days or 20

---

[1] See Motions, docket nos. 24, 34, 35, 45.

[2] See Motion, docket no. 53

[3] See id. p. 4.

calendar days. But, given the number of Plaintiffs, the court hereby gives the Plaintiffs until February 24, 2006, to retain new counsel, proceed pro se or file with the court a motion to withdraw their case. Failure to provide the court notice of Plaintiff's intentions may result in the dismissal of this action.

## Discovery Motions

Defendants have several discovery motions which are before the court. Although counsel for Plaintiffs has withdrawn at this time, any new counsel will be obligated to provide the court ordered discovery by March 31, 2006.

### Salt Lake Community College[4]

SLCC is seeking documents that were requested from Plaintiffs Johnson, McGraw, Killan and Joseph.[5] Plaintiffs filed no opposition to SLCC's motion and the time to do so has passed.[6] Accordingly, for good cause shown the court GRANTS SLCC's Motion to Compel.[7]

In similar fashion, SLCC also seeks discovery from Plaintiffs Trujillo, Rivera, Bowman and Archuleta. The court cannot find in the record any opposition to this motion.

---

[4] See Motions, docket nos. 24, 34, and 35.

[5] See Motion, docket no. 24.

[6] See DUCivR 7-1(b)(3), 7-1(d).

[7] See Motion, docket no. 24.

Accordingly, for good cause shown the court GRANTS SLCC's Motion to Compel.[8]

All discovery that is the subject of SLCC's motions is to be provided to SLCC by March 31, 2006 in light of the need for Plaintiffs to secure new counsel.

II. Collegis

Defendant Collegis has filed a Motion to Compel seeking an order

> (1) compelling Plaintiff Donald Rivera ("Rivera") to respond to Defendant's First Set of Interrogatories and First Requests for Production within 15 days and if Rivera fails to respond, to dismiss the Complaint for failure to prosecute and for failure to comply with the court's order; (2) ordering Rivera to either secure new counsel within 15 days or proceed *pro se*; (3) directing Plaintiff Rivera to pay Collegis its reasonable expenses in bringing this motion.[9]

Additionally, Collegis also seeks an extension of the schedule.

Once again, there was no opposition filed by Plaintiffs. Therefore, for good cause shown and pursuant to local rule 7-1(d), the court GRANTS Collegis' motion. All requested discovery that is the subject of Collegis' motion is to be provided by March 31, 2006.

Finally, it appears based on the record before the court that Plaintiffs along with their attorney Mr. Bruce Oliver have

---

[8] *See* Motion, docket no. 34. The granting of this motion MOOTS SLCC's Motion for Hearing. *See* docket no. 35.

[9] *See* Motion, docket no. 45, p. 2.

simply failed to diligently prosecute this action. Although Mr. Oliver has withdrawn as Plaintiff's counsel, the court HEREBY ORDERS Mr. Oliver to file with the court an affidavit explaining what appears to be the stark failure to prosecute this case. This is to be filed with the court within 15 days from the date of this order so the court can determine whether the awarding of attorney fees to Defendants is appropriate. Defendants will then be given 10 days to file any response after which the court will schedule a hearing in March regarding the imposition of attorney fees.

In light of the delay in this case the court also modifies the scheduling order as follows:

5.  OTHER DEADLINES
    a.  Discovery to be completed by:    *5/26/06*
        Fact discovery
        Expert discovery                 30 days after report

    c.  Deadline for filing dispositive  *6/30/06*
        or potentially dispositive motions

The court does not modify the requirement of the prior scheduling order that counsel are to "jointly notify the court after

dispositive motions are resolved of the need to set the case for trial, and the schedule for damage expert reports and discovery."[10]

       IT IS SO ORDERED.

DATED this 26th day of January, 2006.

BY THE COURT:

*Brooke C. Wells* (signature)

Brooke C. Wells
United States Magistrate Judge

---

[10] Scheduling Order p. 3, docket no. 28.