IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DONALD L. RIVERA, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SALT LAKE COMMUNITY COLLEGE, et al.,<br><br>    Defendants, | ORDER DENYING MOTION FOR RULE 54(b) JUDGMENT<br><br><br><br>Case No. 2:03-CV-764 |

Before the Court is defendant Constance Hughes' motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) on claims dismissed by the Court's June 8, 2005 Order, which disposed of all claims against defendant Hughes.

Under Rule 54(b), this Court has discretion to enter a final judgment on the claims dismissed by its previous order. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1989). Rule 54(b) provides:

> When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). The rule "attempts to strike a balance between the undesirability of more

than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001).

The Tenth Circuit has cautioned, however, that "Rule 54(b) entries are not to be made routinely." Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001).  Trial courts "should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all of the claims will create undue hardships." Gas-A-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973). Accordingly, the "power which this rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of public policy indicated by statute and rule." Gas-A-Car, 484 F.2d at 1105 (citation omitted).  Rule 54(b) is not intended, therefore, to provide a mechanism for splitting multiple claims into separate lawsuits.  Jordan v. Pugh, 425 F.3d 820, 830 (10th Cir. 2005).  Rather, it is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims. Id. at 829.

For these reasons, the Tenth Circuit has expressly provided that certification under Rule 54(b) is only appropriate when the district court strictly adheres to the rule's requirements and makes the following two express determinations. First, the district court must determine that the order it is certifying is a final order.  This requires a finding that the claims resolved are distinct and separable from the claims that remain.  Oklahoma Turnpike, 259 F.3d at 1242-43.  Second, the district court must determine that there is no just reason to delay review of the final order

until it has conclusively ruled on all claims presented by the parties to the case. Id. at 1242.

In light of these legal standards, and having carefully considered the arguments of counsel as contained in their respective memoranda, the Court concludes that defendant Hughes has failed to demonstrate either that the claims against her are distinct and separable from the remaining defendants, or that failure to grant her motion would create undue hardship. Accordingly, the Court DENIES defendant Hughes' motion for rule 54(b) certification.

It is so ordered.

Dated this 19th day of March, 2008.

Dee Benson
United States District Judge